The next case called, last case on the docket, is docket number 121365, agenda number 13, People v. Brian Boykins. Alan, are you ready? I believe. You may proceed. Good morning, Your Honor, Counsel. May it please the Court, My name is Eliza Kaliske from the Office of the State of Appellate Defender on behalf of Brian Boykins. In Whitefield, this Court held that there is no substantial compliance with Supreme Court Rule 402 and that due process is violated when a defendant pleads guilty in exchange for a specific sentence and the Court fails to advise the defendant before accepting his plea that a mandatory supervised release period will be added to that sentence. And in Morris, this Court held that those admonishments must advise the defendant of the actual terms of his bargain with the State and must put the mandatory supervised release term in a relevant context such that an ordinary person in the defendant's circumstances would understand the admonishment to convey that mandatory supervised release will apply to the defendant's case. There was no substantial compliance here. Byron Boykins was 17 years old with no prior adult convictions when he entered a negotiated guilty plea to 22 years imprisonment. The judge admonished him that the sentencing range for murder was 20 to 60 years imprisonment, possibly extendable to life if he had a prior murder conviction. And then immediately after mentioning that possible life sentence, the judge said, upon your release from the penitentiary, there is a period of three years mandatory supervised release, sometimes referred to as parole. The judge then asked him, understanding the nature of the offense and its possible penalties, how do you plead? This sole reference to mandatory supervised release was insufficient because it was unclear if it applied to Boykins' case. It was presented as a possible penalty and sandwiched between the judge's reference to a possible 60-year or even life sentence that Mr. Boykins knew he was not receiving. And then the judge explicitly calls it a possible penalty. Counsel, for purposes of the record, this was all at one hearing? Yes. There were not two separate hearings where he was advised of the penalties and then a separate plea hearing. Is that correct? That's correct. This was all at one hearing. Thank you. And after setting out this general admonishment, the judge later says to Mr. Boykins, in this particular situation, we have an agreement for 22 years. Given all of those facts, looking at the admonishment in context, an ordinary person in his circumstances would not have understood that the three-year mandatory supervised release term would be added to that 22-year sentence that he had negotiated for because it wasn't linked to the sentence and because the judge never told him expressly mandatory supervised release would be in addition to that sentence. Ms. Kaliska, I'm trying to understand that the defendant didn't bargain for the three-year MSR term. If MSR is automatic, right, by operation of law, it's not something that really can even be bargained for, right? That's correct. You cannot bargain for MSR. However, MSR needs to be part of the admonishment to him. It needs to be made clear to him, the admonishment needs to make clear that this is the prison sentence you've negotiated for, there is also this mandatory supervised release term. And that's not presented here. And so the addition of that term is three years that he's not been advised of, that the admonishment has not made clear applies to his place. And I think it's not an uncommon perception that when you negotiate a sentence that sort of everything is up for grabs, the length of your sentence, and even it would not be unreasonable for him to necessarily think that mandatory supervised release was up for grabs. Even though we as lawyers, we as judges know that's not the case. But looking at it as an ordinary person in his circumstances, particularly as a 17-year-old with no prior adult convictions, it would be reasonable for him to say, well, the judge is giving me these admonishments about possible penalties, but I know I have this agreement for 22 years. Do we need to parse out the language of exactly what was said? So in other words, the judge said, upon your release from the penitentiary, there is a period of three years of mandatory supervised release, sometimes referred to as parole period. That sounds like a declarative sentence, a pretty clear statement that there is a period of MSR not conditional, not any other form of speech. Sometimes existential. What does it mean if they say there is a period? What does that mean? I think that sort of parsing is something that lawyers and judges understand and may make that distinction between there could be, there is, but an ordinary person in his circumstances, really in even just an adult circumstance who is not an attorney, who is not a judge, would not understand necessarily that, well, some of this is cast as possible, but some of this is cast as mandatory. And as well, when the judge then finishes that up with the next sentence saying, understanding the nature of the offense and the possible penalties, that at best makes this whole situation ambiguous to someone who is entering that plea because hanging it on the word mandatory, when the judge then says it's a possible penalty, effectively undoes the force of the word mandatory. In terms of parsing, all that we're really looking for is that the defendant is advised with some reasonable clarity that mandatory supervised release is going to be part of this term. And somebody in the defendant's circumstances here, even ordinary adults, would not understand that this single use of the word mandatory, or even this sentence in isolation, means that mandatory supervised release definitely will attach, particularly when, in the context of the entire hearing, the parties are talking about this 22-year deal without any reference to mandatory supervised release. It's not mentioned again in sentencing. It's not mentioned on the sentencing order. The context of the whole hearing, I think, undoes this idea that the single sentence about there is mandatory supervised release made this sufficiently clear. The following up on Justice Tice's question, the previous sentence, it seems to me brings it into focus where the judge says the sentence can be 20 to 40, 20 to 60 years if I found you guilty of the same or greater class felony in the last 10 years, the maximum penitentiary time in this case would be life, and then goes on with the affirmative or declaratory statement. Doesn't that bring it into focus? No, because the judge is presenting, the judge begins this admonishment by presenting possible sentences that Boykins knows he's not getting. He knows he's not getting 60. He knows he's not getting life. And a reasonable person looking at the phrase, understanding the nature of the offense and its possible penalties, how do you plead, would understand that everything that preceded it was a possible penalty, the possible 60 years, life, this mandatory supervised release period, especially when there's no other mention of it anywhere else in the hearing. I don't think an ordinary person in Boykins circumstances or even an ordinary adult would understand that admonishment to be anything but a list of possible penalties for the offense. How do we deal with Morris? The court in Morris sets out an ideal, literally. It says, ideally, a trial court's admonishment would explicitly link MSR to the sentence to which the defendant agreed in exchange for his guilty plea. And then the court goes on to talk about substantial compliance, but that the ideal is that the judge should more fully explain the linkage between MSR and a sentence. It's troubling that after all the years since Morris was decided, we still have another case very similar to this. But the fact that the court did not meet the ideal, does that mean the case has to be reversed? No, we're not saying that the court had to meet the ideal in this instance. The ideal is certainly preferable because, first of all, it's easy to do. Compliance couldn't be easier. And the number of cases that are resolved by guilty pleas, it's important to get it right both out of fairness to the defendant and for finality of the plea, quite frankly. And on that note, it also reduces prolonged litigation about this sort of thing. However, all we're saying is that it has to be made clear to the defendant at some point before his plea is accepted that this mandatory supervised release term will be added to his sentence. It could be done in the general admonishments here. For instance, if the trial court had said something like the court said in Lee, the Fourth District case, that the law requires that you be sentenced to prison for this, when you are released from prison, there is a period of mandatory supervised release. It's nice and clear. The judge here could have done that. That would have sufficed. Or if the judge had said, when he's going over the terms of this deal that Mr. Boykins has, you have a deal for 22 years, and then there will be the three years of mandatory supervised release that I mentioned to you, or even without the prior reference to it. But at some point before that plea is accepted, it has to be made clear that mandatory supervised release is going to apply to that term. The ideal is just that ideal, and it certainly would be great if that happened in pleas down below. But we're not saying that the ideal has to be what's required to avoid the person here. As I was saying as well, there are just a great deal of cases resolved with guilty pleas. It's so easy to comply here just by making it clear that mandatory supervised release is going to apply to that sentence you've negotiated. Even though you have a plea. As an ordinary person in the defendant's circumstances, may not realize that mandatory supervised release is still going to apply because it's non-negotiable. But he may not know that. And that's what the embellishment is there for, to make clear the terms of the agreement so that he understands what exactly he's agreeing to. In Morris, the court did use the expression mandatory supervised release. Right. How is this case, and the court upheld the conviction, correct? Right. How is this worse, what happened here, than what happened in Morris? In Morris, I don't believe you have the judge going on to say, in this particular situation, you have this agreement. Because I think what you have here is the judge gives the general admonishment that here's the sentencing range, here's mandatory supervised release, these are possible penalties. You have that. And then you have the judge saying, two pages later, that in this situation the parties have agreed on this 22 years. I think that sets out to the defendant and reinforces to him that he's got this special deal that he's reached. And when they're talking about that, there's no indication that mandatory supervised release has any part of that. And so I think that's worse than Morris, because Morris does not have anything along those lines. It sort of reinforces what would be an entirely reasonable interpretation of the proceedings for the defendant as this is unfolding in front of him. But also this court did not reach the merits of Morris's admonishments because it was considering whether Whitefield was retroactive or not. So there's that as well. This plea is after Whitefield, and so we don't have that question in front of you as well. Also, I wanted to address briefly, the state's brief suggests that we're seeking a right-line rule of some sort. In fact, all we're seeking is a fact-specific analysis of whether these admonishments amount to substantial compliance. Making clear that MSR is part of this sentence puts it in a relevant context, which adheres with what this court decided in Morris and helps to ensure that an ordinary person in the defendant's circumstances understands the warning that the admonishment has conveyed. It's more fully compliant with Whitefield and Morris than Sanabella, and it clarifies what the admonishments must be for trial courts and reviewing courts. Trial courts will know what they need to say to defendants who are pleading guilty, and with the negotiated plea, reviewing courts can apply that standard, and the defendants will understand the consequences of their agreement, and it forecloses further litigation. We're not requiring a formulaic approach of any sort. We're not asking for a strict compliance standard. A judge just needs to make clear to the defendant in some way before the plea is accepted that mandatory supervised release is going to apply to that sentence. Unless this court has any further questions, I reserve my remaining time for rebuttal. Thank you, Ms. Polisky. Mr. Iskowitz. Good morning, Your Honors. Ms. Polisky. May it please the Court, my name is David Iskowitz. I'm with the Illinois Attorney General's Office. On behalf of the people, I believe in this case. I think we just need to, just stepping back for a moment, to put this case into some, a larger context. Whitefield itself is a case in which there was absolutely no MSR warning whatsoever. That was a problem. This Court found that it violated the spirit of Rule 402 and due process and benefit of bargain principles. Going forward, this Court, recognizing that trial courts were having some difficulty in employing that standard, decided in Morris to clarify exactly what needed to be communicated to the defendant in order for substantial compliance to be satisfied. And I might note, just as an aside, in this case in particular, the plea was taken in 2009, which was an entire year before this Court decided Morris, in 2010. So the judge here was acting in the best faith possible in complying with Whitefield. And just to continue on with my evil opponent's last point, which was the strict compliance standard. What they are asking for, in effect, is a standard that would require trial courts to follow a formula at plea hearings in advising or admonishing the defendant that MSR will attach to the particular plea, to the particular term, the particular sentence that he bargained for. This does run counter to the principles enunciated in Morris, that admonishments and compliance are to be measured by an objective standard, that admonishments need not be perfect, that admonishments need not follow a precise formula, and that the propriety of the admonishment be read in the context of the entire proceeding. Bringing those rules back to this case, the conclusion that the Court should reach is that the trial court complied substantially with Rule 402, due process and benefit of the bargain principles. Everything that this Court discussed is very important in Whitefield in advising the defendant very clearly that any sentence that he would get, that A, he would be sentenced to prison for first-degree murder. There was no way he was going to be able to escape a prison term here. He advised him that that sentence could run anywhere from 20 years to 60 years, up to natural life. And then he said, and this is the key part of the transcript, that when you are released from the penitentiary, you will have to serve a three-year term of MSR, mandatory supervised release, and he even clarified for the defendant that that was also known as parole. Considering that some defendants perhaps might not understand the term mandatory supervised release, it's a rather lawyerly term, they said this is parole. My opponent focuses on a single word from the plea hearing, the word possible, possible penalties. What to do with this word? This is where the rules from Morris really come into play. Looking at the entire plea colloquy and looking at this as objectively and looking at the rules that the precise formulas need not be employed and that the warnings need not be perfect, we can see that this word possible just as easily could have referred to the potential penalties, which he had just outlined seconds earlier. And that declaratory affirmative statement that any prison term that would be imposed by virtue of the plea would be followed by a three-year MSR term was clear, it was direct, and it provided the defendant with the requisite notice that Whitfield due process require such that real justice was not denied, which was the language this court used in Whitfield and again in Morris in determining whether the entire process was fair enough and afforded the defendant with a fair chance. But with regard to the entire process, wouldn't the judge have to take into consideration the age of the defendant and what his abilities are to understand? And would that require also being very clear or especially clear, not just substantially clear? I think, Your Honor, that that is something that each particular judge could take into consideration. Or should. Or should. Well, I don't think that it should be required by any rule established by this court, because in Morris the court has already discussed that, whether or not the defendant understands must be measured via an objective test. Wouldn't the ordinary person under these circumstances understand what was going on? Who is 17, though? Right. That would require on appeal at least that courts engage in a more fine-tuned review of the record to see if this 17-year-old understood the implications of the plea. Just because he was 17 in any of that doesn't mean that he wouldn't understand the terms of parole or that he was going to have to serve parole. I would caution against establishing what the defendant wants here is a bright-white rule with respect to age, educational background. Those kinds of considerations could certainly be considered by a judge in fashioning his admonishments, but it shouldn't be required, and that would require really jettisoning the rules that this Court established in Morris with respect to measuring the propriety of plea admonishments on appeal, especially on a cold record. In Morris, the Court set this standard. I'm going to say high standard, maybe not so high of a standard, but an ideal of what judges should do. And yet there have been a number of cases that followed that time where judges have not met that ideal. What should the Court do about that? There's a line of appellate court cases, Burns, Daniels, Smith. They're all cited and discussed at length in our briefs. The problem in those cases was it was pretty apparent that something went awry in the proceeding. In each of those cases, the trial judge seemed to condition mandatory supervised release on some contingency, such as going to trial in Daniels. The judge said that MSR or the judge implied that MSR would follow only if the maximum term were imposed. In Burns, the judge said that there was only a potential for mandatory supervised release. In Smith, the judge said that the defendant could be sentenced to mandatory supervised release. The State has no quarrel that those admonishments following Morris didn't place the defendant on adequate notice, that MSR certainly would follow any term in the penitentiary. The cases that we've also discussed on the other side are more akin to the case here, where the judge made clear, even if he didn't, quote, link the MSR to the agreed-upon sentence, made clear enough to the defendant that MSR would follow any prison term that was actually imposed. And our view is that that kind of admonishment certainly complies with the spirit of Whitefield and is consistent with the rules that this Court set forth in Morris for reviewing these kinds of proceedings. In sum, we believe that this Court should affirm the judgment of the appellate court, which in turn affirmed the judgment of the trial court in finding that the admonishments complied with all the rules established by this Court in Whitefield and clarified in Morris, if there are no further questions. Thank you, Your Honors. Thank you. Just a few quick points, Your Honors. The first is the state is presenting here the admonishments in this case as being equivalent to the cases in which the judge told the defendant that any prison term would be followed by a period of mandatory supervised release. That's not the same here. The judge's admonishment here requires a bit more of an analytical link on the defendant's part because it requires the defendant to reason his way through, well, I know I'm getting prison, and then when I get out, there's this. It's a little less clear than any prison term requires a mandatory supervised release period. So those cases like Berio's, where the judge explicitly says that, or I believe it's Andrew's in the Fourth District that makes it clear that any period of prison is going to require a mandatory supervised release. That's distinct from what happened here, where a 17-year-old is trying to reason his way through money admonishments that the defendant got. Second, we're not seeking a bright-line rule that no 17-year-old can understand these admonishments or that only a certain level of education will suffice to understand the admonishments. With respect to Justice Burke's question about the judge considering the defendant's age when he gives the admonishments, the record here was clear at the time of the plea that the defendant was 17, that he hadn't been to the Illinois Department of Corrections before. Those are all things that trial judges undoubtedly have at least some sense of before the plea is entered. And the judge even says that here when he's putting the agreement on the record. He says, I'm familiar with the defendant's background. I think usually in plea negotiations that's not uncommon for the judge to have at least some basic knowledge of the defendant's background. But even without the defendant's age here, the admonishments that were given present everything that precedes the judge's question about possible penalties as mere possibilities. The state draws a distinction between this case and cases that suggest MSR is just a potential penalty. I would submit there's not really a distinction between potential and possible. The defendant here is told that MSR is a possible penalty for his offense. Is he? Is that what he said? When the judge says there's a period of mandatory supervised release, but then the next sentence is understanding the nature of the offense and the possible penalties. An ordinary person would understand that to mean everything that came before it was a possibility. Especially where the judge then sets out, in this particular situation, the parties have this agreement. And the state's argument doesn't really address that part of the record at all. Not in its briefs and not here before this court today. That the judge here gives this general admonishment and then lays out as a separate thing this idea that, in your case, you've got an agreement. An ordinary person looking at the context of all of that is going to understand my agreement is 22 years. What the judge was talking about was just the possible penalties. What about the fact he said, upon your release from the penitentiary, there is a period of three years mandatory supervised release, sometimes referred to as parole? Well, the judge had also started that admonishment with, you could be sentenced for 20 to 60. But even without that, when the judge then goes on to call it a possible penalty, I think to read that sentence in isolation requires a fair amount of parsing that even lay people, adult lay people, would have trouble reasoning their way through. To find that sentence constitutes substantial compliance would mean that an ordinary person would have to read that there's single reference to mandatory supervised release early in proceedings, when there's no later reference to it. There's no indication that the judge is saying it's part of your 22-year bargain. That requires a amount of parsing that most people just don't have the legal sophistication for when they're up in front of a judge proving guilty to their first adult offense. Let's see. Finally, last point. As I agree, the admonishments don't need to be perfect, and they don't require a precise judgment. All we are asking for here today is that a judge has to convey with reasonable clarity before the defendant's plea is accepted that mandatory supervised release is going to be part of that sentence that he has negotiated for. As I say, we're not looking for the judge must use these words, the judge must say it at this exact point. It's just somewhere in that hearing. A judge certainly could adopt a formula if that would make compliance easier for trial judges, and that might be, in fact, what trial judges would do. But we are not requiring or suggesting this court should say, here is the precise formula. We're just asking for the admonishments to convey this to defendants before their guilty pleas are accepted. If this court has no further questions, I ask you to reverse the appellate court and remand it to the trial court for second stage post-invention proceedings. Seeing no questions, thank you. Case number 121365, People v. O'Brien, Bar and Boykins, will be taken under advisement as agenda number 13. Ms. Kaliszke and Mr. Iskewicz, we thank you for your arguments this morning. To our students, with our thanks.